[No. 7811. Decided June 17, 1909.]

MICHIGAN LUMBER COMPANY, *Respondent*, v. H. B. WAITE LUMBER COMPANY, *Appellant*.[1]

SALES—ORDERS—NEGLIGENCE IN FURNISHING DUPLICATES—LOSS BY ADVANCE IN PRICE. Where orders for lumber were lost, and the purchaser undertook to furnish duplicate copies and negligently omitted several items, and after the orders were filled according to such duplicates, the price of lumber advanced, the purchaser must stand the loss on the omitted items because of its negligence; since the vendor might have protected itself before the advance.

SAME—MISTAKE IN DUPLICATE AS TO CHARGES—EFFECT. In such a case, where the duplicate orders by mistake omitted a charge for freight to be borne by the vendor, the vendor must pay such charge according to the original sale, as there was no new contract nor any injury to the vendor by the mistake as to the freight.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 25, 1908, upon findings in favor of the plaintiff, after a trial upon stipulated facts, in an action on contract. Modified.

*Shank & Smith*, for appellant.

*Herr, Bayley & Wilson*, for respondent.

FULLERTON, J.—The respondent brought this action against the appellant to recover a balance alleged to be due on a contract for the sale of lumber. The facts were stipulated, and are in substance these: The respondent is engaged in the business of manufacturing and selling lumber, and operates a lumber mill at Aberdeen, Washington. The

[1]Reported in 102 Pac. 450.

appellant is engaged in the business of buying and selling lumber, having an office at Seattle, Washington. On November 18, 1905, the appellant gave to the respondent two certain written orders for lumber, each specifying the dimensions and quality of the lumber desired, and the terms and conditions on which it would be purchased. The respondent accepted the orders, and agreed to fill them according to their terms.

Soon after the orders had been accepted by the respondent, and before any action had been taken towards filling them, they became lost or destroyed through the acts of one Rowland, an employee of the respondent. Immediately on discovering the loss, about November 25, 1905, the respondent sent to the appellant a telegram as follows: "Send immediately duplicates of last orders. Rowland took our copies." In response to the telegram, the appellant forwarded what purported to be copies of the original orders, but which in fact differed from them materially; the copy of the one omitting two considerable items of lumber contained in the original, and the other showed the freight rate which the respondent was to pay to be limited to 50c. per hundred, whereas the original order provided that the respondent should pay the entire freight to the point of destination.

Some nine months later the respondent filled the orders according to the copies, whereupon the appellant discovered for the first time that a mistake had been made in the copies, and requested the respondent to fill the orders according to the originals. The price of lumber had advanced materially since the original orders were given, and the respondent refused to comply with the request. The appellant thereupon purchased in the open market the lumber omitted from the original order, paying therefor $159.44 in excess of the price for which the respondent agreed to furnish the same. It also paid the freight in excess of the 50c. rate, amounting to $42.33. These sums it charged to the respondent's account, and their total constitutes the sum sued for in this action.

It is agreed further that the respondent in filling the duplicate orders believed them to be exact copies of the originals; that the appellant when furnishing them supposed them to be complete copies of the originals; and that neither of the parties knew of the discrepancy between the copies and the originals until after the orders had been filled and the lumber shipped.   On the foregoing facts the trial judge held that the respondent was entitled to recover, and entered judgment accordingly.   This appeal is taken therefrom.

In so far as the court allowed the respondent to recover for the sum withheld to replace the omitted items of lumber, we think its judgment right.   The appellant, it is true, was under no obligation to supply the respondent with copies of the original orders.   It could have refused, and if the respondent failed to furnish the lumber according to the orders within a reasonable time, could have recovered against it for breach of contract.   But when it undertook to duplicate the original orders at the respondent's request, whether gratuitously or not, it was bound to exercise ordinary care in the performance of the undertaking.   And it was not ordinary care, we think, for the appellant to omit in its copy two principal items of the original.   The separate items in the statement were not numerous; being in fact only ten in number.   Even a casual effort at comparison after the copy was made would have discovered the error, and not to discover it was negligence.

Since the loss occurred as the result of the appellant's negligence, it follows that it must bear it.   In this connection, however, it makes the contention that there is no proof that the respondent will suffer loss by being required to make good the omitted items, or that it will suffer any loss by reason of the error, since it would have been required to furnish the missing items had it not lost the original orders.   But the stipulation shows that it cost the appellant the sum of $159.44 in addition to the contract price to procure the lumber described in the omitted items in the open market, and

there is no evidence that the respondent could have procured it at any less cost.  Nor is there any evidence that it lost this sum by reason of its original bargain, or that it would have lost it had it not misplaced the original order. The stipulation shows that the advance in the price of lumber occurred at a time subsequent to the time the orders were given, and the presumption is that the respondent, had the duplicate orders been correct, would have protected itself against loss from the fluctuations of the market by contracting for the necessary material and labor at the time it agreed to fill them.

With reference to the freight item, we think the judgment wrong.  The respondent obligated itself to pay the entire freight charges, and there was no new contract in this regard, nor any evidence or presumption that the respondent was injured in any manner by this mistake.

The judgment appealed from will be reversed, and remanded with instructions to modify the judgment in accordance with this opinion.

RUDKIN, C. J., GOSE, DUNBAR, MOUNT, CHADWICK, and CROW, JJ., concur.